UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BURK PROPERTY INVESTMENTS, LLC | * | CIVIL ACTION No. 2:19-cv-01787 |
| | * | |
| VERSUS | * | SECTION "G"        MAG. (3) |
| | * | |
| ILLINOIS UNION INSURANCE COMPANY | * | JUDGE NANNETTE JOLIVETTE BROWN |
| | * | |
| | * | MAGISTRATE JUDGE DANA M. DOUGLAS |
| | * | |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, come Defendant, Illinois Union Insurance Company ("Illinois Union"), who files this Answer and Affirmative Defenses in response to the Petition for Damages ("Petition") filed by Plaintiff, Burk Property Investments, LLC, and respectfully avers as follows:

### FIRST DEFENSE

The allegations contained in Plaintiff's Petition fail to state a claim against Illinois Union upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims against Illinois Union are barred, in whole or in part, by the terms, conditions, provisions, limits, limitations, exclusions and endorsements of Policy No. I08919264 001 in effect from October 17, 2016 through December 16, 2017 (the "Policy"). Illinois Union expressly and affirmatively plead all terms, conditions, provisions, limits, limitations, exclusions and endorsements of the Policy, including all policy limits, deductibles and loss payment provisions as if fully set forth herein *in extenso*. Illinois Union denies any allegations of

Plaintiff's Petition that seek to enlarge, vary, modify or contradict the terms, conditions, provisions, limits, limitations, exclusions and endorsements as therein provided in the Policy.

### THIRD DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff does not allege loss or damage to "Covered Property" as required and defined by the Policy.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff is asserting a claim under the Policy for "Soft Costs and Rental Income Coverage," for which coverage is not provided by the Policy.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Policy's exclusion for loss caused by or resulting from delay, loss of use or loss or market, interruption of business or any consequential loss of any nature except as provided under Automatic Extensions of Coverage.

### SIXTH DEFENSE

To the extent it is determined that coverage is not afforded to Plaintiff under the Policy for any or all of the damages to the Property, Illinois Union reserves the right to seek a return of any and all amounts paid by Illinois Union to Plaintiff for any uncovered loss or damage.

### SEVENTH DEFENSE

Plaintiff's claims against Illinois Union are barred, in whole or in part, to the extent Plaintiff has failed to provide proof of loss sufficient to allow Illinois Union the opportunity to properly adjust the claim.

**EIGHTH DEFENSE**

Plaintiff is not entitled to the recoveries sought against Illinois Union in the Petition, and Illinois Union is entitled to any appropriate set-off(s) and/or credit(s), to the extent Plaintiff has already received payment for the alleged losses and/or damage claimed.

**NINTH DEFENSE**

Plaintiff is charged with knowledge of the terms, conditions, provisions, limits, limitations, exclusions and endorsements of the Policy.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate, minimize or avoid any alleged costs, loss or damages.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent the sums for which Plaintiff seeks coverage under the Policy were not reasonable and necessary costs.

**TWELTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent the alleged loss or damage for which Plaintiff seeks coverage under the Policy was caused by or resulted from neglect to use all reasonable means to save and preserve property from further damage at or after the time of loss.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred because Illinois Union acted in good faith at all times and did not at any time act arbitrarily and capriciously or without probable cause.

**FORTEENTH DEFENSE**

Plaintiff's claims are barred as Illinois Union complied with all adjusting and payment requirements under Louisiana law.

**FIFTEENTH DEFENSE**

Illinois Union respectfully reserves the right to supplement and/or amend this Answer and Affirmative Defenses to plead other defenses and/or Policy terms, conditions, provisions or exclusions that may be developed through discovery or investigation of the claims alleged in Plaintiff's Petition and do not intend to waive such by not including such herein.

**SIXTEENTH DEFENSE**

In the alternative, Illinois Union affirmatively deny each and every allegation in Plaintiffs' Petition for Damages, except as the same may be hereinafter expressly admitted or modified.

**ANSWER**

**AND NOW,** in further responding to the specific allegations of Plaintiff's Petition, Illinois Union avers as follows:

1.

To the extent that a response to the introductory paragraph of Plaintiff's Petition is deemed necessary, Illinois Union denies the allegations of the introductory paragraph for lack of sufficient information to justify a belief therein.

2.

Illinois Union admits the allegations contained in Paragraph 1 that it is a foreign insurer, authorized and doing business in the State of Louisiana.

3.

Illinois Union admits the allegations contained in Paragraph 2 that they issued a Policy of insurance bearing Policy No. I08919264 001 to Plaintiff, Burk Property Investments, LLC ("Plaintiff") providing insurance coverage for "Covered Property" as defined by the Policy. Illinois Union avers that the Policy is a document that speaks for itself and is the best evidence of its contents. Illinois Union denies the remaining allegations of Paragraph 2 for lack of information to justify a belief therein.

4.

Illinois Union admits the allegations contained in Paragraph 3 that the Property caught fire on or about October 29, 2017 suffering damage during the period of the Policy. The remaining allegations asserted in Paragraph 3 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

5.

The allegations asserted in Paragraph 4 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

6.

Illinois Union denies the allegations contained in Paragraph 5.

7.

The allegations contained in Paragraph 6 seek legal conclusions, which do not require a response. To the extent a response is required, Illinois Union denies the allegations contained in Paragraph 6. Illinois Union denies the remaining allegations asserted in Paragraph 6 for lack of sufficient information upon which to justify a belief therein.

8.

The allegations contained in Paragraph 7 seek legal conclusions, which do not require a response. To the extent a response is required, Illinois Union denies the allegations contained in Paragraph 7. Illinois Union denies the remaining allegations asserted in Paragraph 7 for lack of sufficient information upon which to justify a belief therein.

9.

The allegations asserted in Paragraph 8 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

10.

The allegations asserted in Paragraph 9 of the Petition are denied for lack of sufficient information upon which to justify a belief therein.

11.

The allegations contained in Paragraph 10 seek legal conclusions, which do not require a response. Illinois Union further responds that Plaintiff has not requested a trial by jury.

12.

Illinois Union denies Plaintiff is entitled to the relief sought in his unnumbered WHEREFORE paragraph and Prayer for Relief.

WHEREFORE, Defendant, Illinois Union Insurance Company prays that its Answer and Affirmative Defenses to Plaintiff's Petition for Damages be deemed good and sufficient and that after all due and legal proceedings are had herein, there be judgment in favor of Illinois Union Insurance Company, dismissing, without prejudice, Plaintiff's Petition for Damages. Illinois Union further prays for all costs of these proceedings, including reasonably attorneys' fees and for all other general and equitable relief available.

Respectfully submitted,
**CHAFFE MCCALL, L.L.P.**


*/s/ Leah N. Engelhardt*
 Leah N. Engelhardt (LA Bar No. 23232)
Thomas H. Prince (LA Bar No. 32219)
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Office:  (504) 585-7000
Fax:     (504) 585-7075
engelhardt@chaffe.com
prince@chaffe.com

**COUNSEL FOR ILLINOIS UNION INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served upon all counsel of record in this proceeding by:

|     |     |     |     |
| --- | --- | --- | --- |
| (  ) | Hand Delivery | (  ) | Prepaid U.S. Mail |
| (  ) | Facsimile | (  ) | Federal Express |
| (  ) | E-mail | ( X ) | ECF |

New Orleans, Louisiana this 27th day of March, 2019.

*/s/ Leah N. Engelhardt*
LEAH N. ENGELHARDT

7