**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BURK PROPERTY INVESTMENTS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-1787** |
| **ILLINOIS UNION INSURANCE COMPANY** | **SECTION: "G"(3)** |

## ORDER AND REASONS

In this litigation, Plaintiff Burk Property Investments, LLC ("Plaintiff") seeks to recover damages from Defendant Illinois Union Insurance Company ("Defendant") under an insurance policy (the "Policy") that allegedly insured Plaintiff's buildings and property (the "Buildings") located at 640 Pauline Street in New Orleans, Louisiana.[1] Plaintiff alleges the Buildings caught fire and endured severe damage on October 29, 2017.[2] Before the Court is Defendant's "Motion for Partial Summary Judgment on Coverage."[3] In the instant motion, Defendant argues that Plaintiff may not recover $55,559.28 for "soft costs" and "delay" costs under the Policy.[4]

The instant motion was filed on February 12, 2020 and set for submission on March 11, 2020.[5] Under Local Rule 7.5, an opposition to a motion must be filed eight days before the noticed submission date. Plaintiff has not filed an opposition to the instant motion and therefore the motion

---

[1] Rec. Doc. 1-1 at 1.

[2] *Id.*

[3] Rec. Doc. 21.

[4] Rec. Doc. 21-1.

[5] Rec. Doc. 21; Rec. Doc. 21-8.

is unopposed. A federal district court may grant an unopposed motion if the motion has merit.[6] Considering the motion, memorandum in support, record, and applicable law, the Court grants the motion for partial summary judgment.

## I. Background

On October 28, 2019, Plaintiff filed a petition against Defendant in the Civil District Court for the Parish of New Orleans, seeking damages, statutory penalties, and attorney fees.[7] According to the Petition, Defendant issued a policy of insurance covering Plaintiff's Buildings in New Orleans, Louisiana.[8] On October 29, 2017, Plaintiff's Buildings allegedly "caught fire and suffered severe damage."[9]

On October 30, 2017, Plaintiff purportedly notified Defendant of the fire incident and informed Defendant that Plaintiff would file a claim under the Policy.[10] On or before February 10, 2017, Plaintiff allegedly provided Defendant with satisfactory proof of loss for the damaged Buildings.[11] Plaintiff asserts that the proof of loss included "the New Orleans Fire Department Report, estimates and invoices, [D]efendant's agents inspecting the property, and other information."[12] The satisfactory proof of loss valued damages at $85,000 on or before February 10, 2017.[13] Plaintiff alleges that Defendant failed to tender payment within 30 days of receiving

---

[6] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[7] Rec. Doc. 1-1 at 1–2.

[8] *Id.* at 1.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

that satisfactory proof of loss.[14]

On or before June 3, 2018, Plaintiff allegedly once again provided Defendant with satisfactory proof of loss for the damaged Buildings.[15] Plaintiff contends that the proof of loss again included "the New Orleans Fire Department Report, estimates and invoices, [D]efendant's agents inspecting the property, and other information."[16] The proof of loss valued damages at $185,106.33 on or before June 3, 2018.[17] Plaintiff alleges that Defendant failed to tender payment within 30 or 60 days of receiving that satisfactory proof of loss[18].

Plaintiff originally sought to recover damages totaling $240,705.61, which consisted of $185,106.33 in "hard costs," $20,046.78 in "soft costs," and $33,052.50 in "delay" costs.[19] Defendant subsequently issued payments totaling $185,106.33 to Plaintiff, but Defendant did not pay Plaintiff for the soft costs and delay costs.[20]

On February 27, 2019, Defendant removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332.[21] On February 12, 2020, Defendant filed the instant motion for partial summary judgment.[22] Plaintiff has not filed an opposition to the instant motion.

---

[14] *Id.*

[15] *Id.* at 2.

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] Rec. Doc. 21-5 at 7. Plaintiff does not provide any evidence to dispute this assertion.

[20] Rec. Doc. 21-6. Plaintiff does not provide any evidence to dispute this assertion.

[21] Rec. Doc. 1.

[22] Rec. Doc. 21.

## II. Parties' Arguments

In the instant motion, Defendant requests summary judgment on Plaintiff's claim for recovery of $55,599.28 in alleged "[a]mounts remaining due under the terms of the [P]olicy."[23] According to Defendant, Plaintiff requests damages for $55,599.28 in soft costs and delay costs.[24] Defendant argues that Plaintiff may not recover $20,046.78 in soft costs because the Policy expressly does not provide coverage for soft costs.[25] Further, Defendant argues that Plaintiff may not recover $33,052.50 in delay costs because the Policy expressly excludes coverage for "[d]elay, loss of use or loss of market . . . ."[26] Based on the foregoing, Defendant concludes that no genuine issue of material fact exists regarding Plaintiff's claim for recovery of $55,599.28 in soft costs and delay costs.[27] Plaintiff has not responded to the motion for summary judgment or presented any evidence to oppose Defendant's assertions.

## III. Legal Standard

### A. Legal Standard for Summary Judgment

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[28] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or

---

[23] Rec. Doc. 21-1 at 1.

[24] *Id.* Plaintiff does not dispute this assertion.

[25] *Id.* at 4.

[26] *Id*

[27] *Id.*

[28] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

weighing the evidence."[29] All reasonable inferences are drawn in favor of the nonmoving party. Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[30] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[31] The nonmoving party may not rest upon the pleadings.[32] Instead, the nonmoving party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[33]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[34] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[35] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how

---

[29] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[30] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[31] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[32] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[33] *See id.*; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[34] *Celotex*, 477 U.S. at 323.

[35] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (internal citation omitted).

that evidence supports the nonmoving party's claims.[36] The nonmoving party must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[37]

The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[38] Moreover, the nonmoving party may not rest upon mere allegations or denials in its pleadings.[39] Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.

## B.     *Legal Standard for Interpreting Insurance Contracts under Louisiana Law*

Under Louisiana law, "an insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code."[40] "The Louisiana Civil Code provides that '[t]he judiciary's role in interpreting insurance contracts is to ascertain the common intent of the parties to the contract' by construing words and phrases 'using their plain, ordinary and generally prevailing meaning.'"[41] "Interpretation of an

---

[36] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[37] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[38] *Little*, 37 F.3d at 1075 (internal citations omitted).

[39] *Morris*, 144 F.3d at 380.

[40] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (quoting *Cadwallader v. Allstate Ins. Co.*, 2002-1637 (La. 6/27/03); 848 So. 2d 577, 580). *Wisznia Co. v. Gen. Star Indem. Co.*, 759 F.3d 446, 448 (5th Cir. 2014) (quoting *Mayo v. State farm Mut. Auto. Ins. Co.*, 2003-1801, at 3 (La. 2/25/04); 869 So.2d 96, 99) (quotation marks omitted).

[41] *Wisznia Co.*, 759 F.3d at 448–49 (quoting *Mayo,* 869 So.2d at 99).

insurance contract generally involves a question of law."[42]

If the contract is clear and unambiguous and does not have absurd consequences, the court applies the ordinary meaning of the contractual language.[43] If the insurance policy contains ambiguous provisions, the ambiguity "must be resolved by construing the policy as a whole." Yet an insurance contract "should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or restrict its provisions beyond what is reasonably contemplated by unambiguous terms or achieve an absurd conclusion."[44] "Courts lack the authority to alter the terms of insurance contracts under the guise of contractual interpretation when the policy's provisions are couched in unambiguous terms."[45]

## IV. Analysis

When a contract's language is clear and unambiguous and does not have absurd consequences, the Court applies the ordinary meaning of the contractual language.[46] Here, the Policy's language is clear and unambiguous regarding whether "soft costs" are covered under the Policy. The Policy explicitly states that "Soft Costs and Rental Income Coverage" is "Not Covered."[47] Defendant has provided undisputed evidence that $20,046.78 of Plaintiff's total claim for damages includes "soft costs to remediate fire damage."[48] Under the Policy's clear language,

---

[42] *In re Katrina Canal Breaches Litig.*, 495 F.3d at 206 (citing *Bonin v. Westport Ins. Corp.*, 930 So.2d 906, 910 (La. 2006)).

[43] *Prejean v. Guillory*, 2010-0740, at 6 (La. 7/2/10); 38 So. 3d 274, 279; *see also Sapp v. Wood Grp. PSN, Inc.*, No. 15-3, 2016 WL 6995897, at *4 (E.D. La. Nov. 30, 2016) (Brown, J.).

[44] *Cadwallader*, 848 So.2d at 580.

[45] *Id.*

[46] *Prejean*, 38 So. 3d at 279.

[47] Rec. Doc. 21-3 at 27–28.

[48] Rec. Doc. 21-5 at 6.

Plaintiff's demand for $20,046.78 in "Soft Costs" is "not covered" under the Policy. Accordingly, there are no genuine issues of material fact in dispute and Defendant is entitled to summary judgment on Plaintiff's claim for recovery of $20,046.78 in soft costs.

Similarly, the Policy's language is clear and unambiguous regarding whether delay costs are covered under the Policy.[49] The Policy states that Defendant "will not pay for loss caused by or resulting from . . . . [d]elay, loss of use or loss of market, interruption of business or any consequential loss of any nature."[50] Defendant has provided undisputed evidence that $33,052.50 dollars of Plaintiff's estimated total loss includes the "[e]stimated costs of delay."[51] Under the Policy's clear language, Plaintiff's $33,052.50 claim for the "[e]stimated cost of delay" may not be recovered under the Policy.[52] Therefore, there are no genuine issues of material fact in dispute and Defendant is entitled to summary judgment on Plaintiff's claim for recovery of $33,052.50 for the "[e]stimated cost of delay" in repairing the Buildings.

## V. Conclusion

Considering the foregoing reasons,

---

[49] Rec. Doc. 21-3 at 19.

[50] *Id.*

[51] Rec. Doc. 21-5 at 6.

[52] Rec. Doc. 21-3 at 19.

**IT IS HEREBY ORDERED** that Defendant Illinois Union Insurance Company's "Motion for Partial Summary Judgment on Coverage"[53] is **GRANTED**.

**NEW ORLEANS, LOUISIANA,** this  13th  day of April 2020.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[53] Rec. Doc. 21.